IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PIERRE BELLE | § | |
| v. | § | CIVIL ACTION NO. 9:04cv240 |
| | | (Crim. No. 9:03cr12 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Pierre Belle, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 challenging his federal conviction and sentence. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Belle was convicted on a plea of guilty of possession of a controlled substance, receiving a sentence of 151 months, followed by three years of supervised release. He took a direct appeal, but his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) certifying that there were no non-frivolous issues for appeal, and the Fifth Circuit agreed and dismissed the appeal. Belle v. United States, slip op. no. 03-41657 (5th Cir., June 23, 2004).

In his Section 2255 motion, Belle raises two general grounds for relief. He asserts that his plea agreement was not freely and voluntarily given because he did not make a knowing and intelligent waiver of his right to trial, and that his sentence was enhanced by matters not part of the indictment, in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). The Government has been ordered to answer the petition and has done so. Belle did not file a response to the answer.

1

After review of Belle's motion to vacate and the answer filed by the Government, the Magistrate Judge issued a report on April 13, 2005, recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge first examined the transcript of the plea proceeding and concluded that Belle's guilty plea was voluntary. The Magistrate Judge then determined that <u>Booker</u> and <u>Blakely</u> did not apply to Belle's case because his direct appeal had concluded at the time that <u>Booker</u> was decided and the decision in <u>Booker</u> is not retroactive. Finally, the Magistrate Judge stated that <u>Booker</u> did not afford Belle any succor in any event because at the sentencing hearing, Belle admitted to the facts which were used to enhance the sentencing range.

A copy of the Magistrate Judge's Report was sent to Belle at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the movant's motion to vacate or correct above-styled lawsuit be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this 27th day of May, 2005.

_____
RON CLARK
UNITED STATES DISTRICT JUDGE